[No. 10943. Department Two. February 13, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v. MEYER COHEN, *Appellant.*[1]

JURY—COMPETENCY—BIAS—CHALLENGE—EVIDENCE — SUFFICIENCY. The fact that a juror considered the arrest of the accused as a "suspicious circumstance," does not subject him to a challenge for actual bias, where it appears that he meant that there were circumstances justifying the officers, in their opinion, in making the arrest, and that he realized a man could be arrested without being guilty, and would not convict unless the state proved his guilt beyond a reasonable doubt.

CRIMINAL LAW—APPEAL—HARMLESS ERROR. Statements of counsel in argument are not ground for reversal where they were not prejudicial.

CRIMINAL LAW—TRIAL—MISCONDUCT OF COUNSEL. Error cannot be predicated on improper conduct of counsel for the state in disclosing a picture of the accused while an inmate of an eastern prison, where it does not appear that any of the jurors saw it or had any intimation of what it was.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered April 5, 1912, upon a trial and conviction of grand larceny. Affirmed.

*Louis I. Lefebvre,* for appellant.

*J. L. McMurray, A. O. Burmeister,* and *G. C. Nolte,* for respondent.

MORRIS, J.—Appeal from a conviction of grand larceny by embezzlement. Many errors are assigned in the brief, but

[1]Reported in 129 Pac. 891.

on the oral argument counsel for appellant called our atten-
tion to but three upon which he relies for a reversal. The
first of these is that the court erred in denying a challenge
for cause as against a juror on his *voir dire* examination.
The claim is made that the examination of the juror disclosed
that he was biased in favor of the state, and not possessed
of that impartial and unprejudiced mind required by the law
of trial jurors. The examination of this juror takes up
twelve pages in the record, and no fair statement of his men-
tal condition upon the point to which appellant takes excep-
tion can be given without reciting his entire examination, as
every answer is more or less qualified by what precedes or
follows it. The main attack upon the juror's mental condi-
tion is based upon his statement that he considered the ar-
rest of the appellant as a "suspicious circumstance." It is
apparent, from the whole examination, that the juror meant
by this expression that he assumed, from the fact that an
information had been filed upon which appellant had been
arrested and brought to trial, that there were circumstances
which, in the opinion of the officers of the law, would justify
such a course. He realized, however, that "a man could be
arrested and not be guilty," and before he would convict he
would require the state to prove guilt beyond a reasonable
doubt. Upon the whole examination, as disclosing the men-
tal attitude of the juror and the degree and character of
proof he would require before he would convict the appellant
of the crime charged, we are of the opinion that no error
was committed in the denial of the challenge.

The next error urged is that counsel for the state in ad-
dressing the jury made certain statements not justified by
the record which were highly prejudicial. We will not re-
view these statements, as it would take too much time and
space to set forth that part of counsel's address of which
they form a part. We, however, have carefully considered
them in connection with appellant's criticism, and do not be-
lieve his claim of error as to these matters is well founded.

It is next urged that one of the deputies of the prosecuting attorney assisting in the trial exhibited to the jury, during the progress of the trial, a picture of appellant, claimed to have been taken while he was an inmate of an eastern penitentiary. The court's attention was called to this charge, and the court dismissed the jury and made a full investigation into the matter, taking testimony of those who claimed knowledge of the matter. We agree with the conclusion reached by the court that nothing more is shown than that the assisting counsel, in going through his files seeking a copy of the information, may have uncovered this picture to the notice of any observing him. This occurred during the examination of one of the witnesses by other counsel for the state. It does not appear that any of the jurors saw the picture, or that they would have had any intimation of what it was had they seen it. Neither does it appear that there was any design or purpose to exhibit the picture to the jury. We find nothing here to sustain the claim of error, or that there was in the circumstance anything which had, or had a tendency to have, the slightest effect upon the jury in determining the guilt or innocence of the appellant.

Finding no error in the record, the judgment is sustained.

CROW, C. J., MAIN, ELLIS, and FULLERTON, JJ., concur.